59 P.3d 995

**Rodney Chip RICHMAN, Petitioner– Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 28017.**

Court of Appeals of Idaho.

Dec. 4, 2002.

Review Denied March 3, 2003.

Molly J. Huskey, State Appellate Public Defender; Sara B. Thomas, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; T. Paul Krueger II, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

Rodney Chip Richman appeals from an order of the district court denying his application for post-conviction relief. We affirm.

## I.

### FACTS AND PROCEDURE

Richman pled guilty to seven separate felonies and, on November 10, 1997, was sentenced to an aggregate term of forty-five years in prison, with sixteen years determinate. No direct appeal was taken from Richman's judgments of conviction or sentences.

On September 28, 1998, Richman filed an application for post-conviction relief, alleging that after sentencing he was diagnosed with manic bipolar illness and schizoid affective disorder. Richman claimed that he was not competent to plead guilty due to his mental illness and that he received ineffective assistance of counsel because trial counsel did not know of his mental condition. The state filed an answer and motion for summary dismissal asserting that Richman failed to state a claim upon which relief could be granted and failed to raise a genuine issue of material fact. The district court appointed post-conviction counsel and issued a notice of intent to dismiss Richman's application on the basis that the application did not state facts upon which relief could be granted. Richman filed an objection to the district court's notice of intent to dismiss, arguing that his application raised a genuine issue of material fact concerning whether he was competent to plead guilty due to his mental condition.

Thereafter, the district court granted a motion by Richman for a psychological examination. Richman was examined by a court-

appointed psychologist who concluded that Richman was competent at the time he pled guilty and at sentencing, although Richman suffered from a significant psychiatric disorder of a longstanding nature. The psychologist deferred to the district court to determine whether Richman's mental condition would have been a mitigating factor at sentencing. The district court subsequently granted the state's motion for summary dismissal and Richman appealed.

In an unpublished opinion, this Court held that Richman's claim with regard to his competency at the time he pled guilty was without merit and affirmed the district court's denial of Richman's post-conviction application on that claim. *See Richman v. State*, 136 Idaho 457, 35 P.3d 274 (2001). However, this Court further held that the district court's summary dismissal of Richman's claim that his mental illness constituted a mitigating circumstance that trial counsel should have raised at sentencing was improper. Consequently, this portion of the summary dismissal was reversed and the case was remanded for an evidentiary hearing to determine whether Richman received ineffective assistance of counsel at sentencing such that a different sentence would have resulted had the district court known the full extent of Richman's mental condition.

After an evidentiary hearing on remand, the district court determined that trial counsel was not ineffective for failing to investigate and present evidence concerning Richman's mental illness at sentencing and that Richman had failed to show any resulting prejudice. The district court again dismissed Richman's application for post-conviction relief. Richman appeals.

## II.

### STANDARD OF REVIEW

In order to prevail in a post-conviction proceeding, the applicant must prove the allegations by a preponderance of the evidence. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 801 P.2d 1216 (1990). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual find-

ings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 794 P.2d 654 (Ct.App.1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 764 P.2d 439 (Ct.App.1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct.App.1992).

## III.

### ANALYSIS

Richman asserts that he received ineffective assistance of counsel at sentencing because trial counsel failed to investigate and present mitigating evidence concerning Richman's mental condition. A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924–25, 828 P.2d 1323, 1329–30 (Ct.App.1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient, and that the defendant was prejudiced by the deficiency. *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct.App.1995); *Russell*, 118 Idaho at 67, 794 P.2d at 656; *Davis v. State*, 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct.App.1989). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Russell*, 118 Idaho at 67, 794 P.2d at 656. To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Russell*, 118 Idaho at 67, 794 P.2d at 656. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcom-

ings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct.App.1994). When considering an ineffective assistance of counsel claim on appeal, we defer to the facts found upon substantial evidence by the trial court, but we freely review application of the law to the facts thus found. *Davis v. State*, 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct.App.1989).

▮ Generally, defense counsel is bound to conduct a prompt and thorough investigation of his or her case. *Id.* at 407, 775 P.2d at 1249. The course of that investigation will naturally be shaped by a variety of factors, many peculiar to the particular case. *Id.* A decision not to investigate or present mitigating evidence is assessed for reasonableness, giving deference to counsel's judgment. *Wallace v. Ward*, 191 F.3d 1235, 1247 (10th Cir.1999). The reasonableness of counsel's decision may be determined or greatly influenced by the defendant's statements or behavior. *Id.; In re Andrews*, 28 Cal.4th 1234, 124 Cal.Rptr.2d 473, 52 P.3d 656, 668 (2002).

In the case before us, the evidence in the record concerning trial counsel's failure to investigate Richman's mental condition was presented through the psychologist who examined Richman during the post-conviction proceedings. In a report to the district court, the psychologist stated that he had contacted Richman's trial counsel concerning Richman's competence. Trial counsel indicated that Richman's clarity of thought, demeanor, and communication effectiveness improved steadily over the days and weeks after Richman was incarcerated. The psychologist suggested in his report that "the possibility that [Richman] was clearing from drug induced problems, that cleared as his length of incarceration continued, would be a possibility." The psychologist also noted in his report that Richman had informed trial counsel that he was hearing voices and having nightmares and that counsel recommended that Richman consider getting a psychiatric evaluation for possible use at sentencing. However, according to the psychologist's report, Richman made it clear to his trial counsel that he was not interested in having such an evaluation and wished to "get his sentencing over with, so he could begin serving his time." It thus appears that trial counsel failed to request that a psychological evaluation be conducted, in part, in order to comply with Richman's instructions.

However, there was substantial evidence of which trial counsel was or should have been aware demonstrating the need to more fully investigate Richman's mental condition despite Richman's request not to do so. Trial counsel was aware that Richman was hearing voices and having nightmares. Richman's pre-sentence investigation reports indicated that Richman had attempted to commit suicide numerous times while incarcerated for his underlying offenses. Richman's pre-sentence investigation reports also indicated that Richman had received mental health counseling during his incarceration and had been medicated for "anxiety." One of Richman's reports recommended that Richman receive a psychiatric evaluation after sentencing and the other report suggested mental health counseling.

▮ Upon review of the record, we conclude that Richman has established that trial counsel's performance in failing to investigate and present evidence concerning Richman's mental condition constituted deficient performance. All of the information possessed by trial counsel, including Richman's own admissions that he was having nightmares and hearing voices, should have alerted trial counsel to the need to investigate Richman's mental condition further. The situation presented here is analogous to situations recently addressed by this Court concerning a district court's failure to obtain a psychological evaluation sua sponte where there is reason to believe the mental condition of a defendant will be a significant factor at sentencing. *See generally State v. Craner*, 137 Idaho 188, 45 P.3d 844 (Ct.App.2002); *State v. Coonts*, 137 Idaho 150, 44 P.3d 1205 (Ct.App.2002). In each of those cases, we concluded that the circumstances presented a compelling need for examination of the defendant's mental condition through a psychological evaluation, even where the defendant failed to request one. Similarly, the circumstances of the present case demonstrate that trial counsel should have more fully investigated Richman's mental condition for pur-

poses of sentencing, despite Richman's instruction to the contrary, and the failure to do so constituted deficient performance.

■ That does not end our inquiry, however, for Richman must also demonstrate that he was prejudiced by trial counsel's failure to investigate and present evidence concerning his mental condition. The psychologist who examined Richman indicated in his report to the district court that Richman likely had a significant psychiatric disorder of a longstanding nature. According to the psychologist, it appeared from his evaluation of Richman that Richman was suffering from substantial mental illness at the time he entered his guilty pleas and at sentencing. In addition, the psychologist was of the opinion that, although there was no mention in Richman's pre-sentence investigation reports of any significant mental health or neuropsychological deficits that might have unduly impacted Richman at sentencing, such issues may nonetheless have been relevant in fashioning Richman's sentence. The psychologist further opined that Richman's mental illness and drug intoxication at the time of the offenses did affect his behavior in committing his crimes.

In its order dismissing Richman's application for post-conviction relief, the district court indicated that it had considered all of the information submitted by Richman, including the evidence concerning his mental condition at the time of his offenses and at sentencing, and the primary goals of sentencing. After evaluating Richman's application in view of all of these factors, the district court concluded that Richman's sentences would not have been different had information concerning his mental condition been submitted at sentencing. We have been shown no error in the district court's conclusion. The purpose of this Court's remand after Richman's first appeal from the denial of his application for post-conviction relief was to afford Richman an opportunity to present evidence in support of his position that the district court should reconsider the sentences originally imposed. Richman is not entitled to yet another opportunity to demonstrate prejudice, which he had the chance to demonstrate at the evidentiary hearing afforded on remand. Accordingly, we conclude that the district court did not err in concluding that Richman has not shown that he was prejudiced by trial counsel's failure to investigate and present evidence concerning his mental condition. We further conclude that Richman has already been given the opportunity to present evidence to convince the district court that his sentences were excessive in light of his mental condition. Richman failed to do so. Richman is, therefore, not entitled to the relief he now seeks on appeal.

## IV.

### CONCLUSION

We conclude that, although Richman has established that trial counsel's failure to investigate and present evidence concerning Richman's mental condition at sentencing constituted deficient performance, Richman has not shown that he was prejudiced as a result. Furthermore, Richman has already been given an opportunity to convince the district court that his sentences were excessive and is, thus, not entitled to another remand. Accordingly, the district court's order dismissing Richman's application for post-conviction relief is affirmed.

Judge LANSING and Judge GUTIERREZ, concur.