# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40726

| | | |
|---|---|---|
| JAMES HAROLD BERNER, | ) | 2013 Unpublished Opinion No. 795 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: December 19, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. Michael J. Griffin, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

James Harold Berner, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

James Harold Berner appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

Berner was convicted of domestic battery, I.C. §§ 18-903 and 18-918(2)(a), and sentenced by the district court to a unified term of ten years, with a minimum period of confinement of nine years. Berner appealed and this Court affirmed his judgment of conviction and sentence in an unpublished opinion. *See State v. Berner*, Docket No. 37968 (Ct. App. July 18, 2011). Berner also filed an I.C.R. 35 motion for reduction of his sentence, the denial of which was also upheld by this Court in an unpublished opinion. *See State v. Berner*, Docket No. 38874 (Ct. App. Jan. 26, 2012). Berner then filed a petition for post-conviction relief, alleging ineffective assistance of counsel, prosecutorial misconduct, and judicial bias. After giving notice of its intent to dismiss Berner's petition, the district court dismissed the petition for failing to state sufficient grounds that would entitle him to relief. Berner appeals.

1

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Berner asserts that the district court erred by not granting his petition for post-conviction relief, repeating on appeal the allegations of ineffective assistance of counsel, prosecutorial misconduct, and judicial bias summarily dismissed by the district court. The majority of Berner's claims are either clearly disproven by the record or do not, even if true, justify relief as a matter of law; accordingly, they warrant no further discussion.[1] Only his claim of ineffective

---

[1] Specifically, Berner claims that his attorney failed to cross-examine the victim; that the judge in his case was biased against him because the judge offered the victim water during her testimony and allegedly smiled at her on two occasions; that the prosecutor vouched for a witness during closing; that the jury instruction stating that a battery is justifiable if done in self-

assistance of counsel merits consideration. A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Berner alleges that his attorney was deficient because he failed to investigate and call a potential witness and because he failed to introduce allegedly mitigating medical records. Generally, defense counsel is bound to conduct a prompt and thorough investigation of his or her case. *Richman v. State*, 138 Idaho 190, 193, 59 P.3d 995, 998 (Ct. App. 2002). A decision not to investigate or present potentially mitigating evidence is assessed for reasonableness, giving deference to counsel's judgment. *Cook v. State*, 145 Idaho 482, 495, 180 P.3d 521, 534 (Ct. App. 2008). Berner admits that his attorney knew of and intended to call the witness "clear up to the day before trial." Berner also admits that his attorney knew of the medical records approximately a month before trial. However, he argues that his attorney was deficient in allegedly failing to interview and call the witness or introduce the records at trial. An attorney's choice of what evidence to introduce at trial falls within the area of tactical or strategic decisions. *Giles v. State*, 125 Idaho 921, 924, 877 P.2d 365, 368 (1994); *Bagshaw v. State*, 142 Idaho 34,

---

defense was in error because a battery committed in self-defense is a defense, not a battery; that another jury instruction was incorrect because it stated that subjective fear is insufficient to justify a battery; and that his attorney conceded the case during closing argument. All of these claims are unsupported by the record, do not justify relief as a matter of law, or both.

38, 121 P.3d 965, 969 (Ct. App. 2005). Berner's allegations of ineffective assistance are bare and conclusory. He fails to show what investigation his attorney did or did not do regarding either the potential witness or the medical records. On the contrary, he admits that his attorney was aware of both, and he presents no evidence indicating that his attorney's decision not to introduce the potential evidence was due to an objective shortcoming and not a strategic decision.

Moreover, Berner has provided an incomplete record on appeal. It is the appellant's responsibility to provide a sufficient record to substantiate his or her claims on appeal. *Retamoza v. State*, 125 Idaho 792, 795, 874 P.2d 603, 606 (Ct. App. 1994). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id.* Additionally, where pertinent portions of the record are missing on appeal, they are presumed to support the actions of the trial court. *Id.* Berner has included in the record only portions of documents, including the medical records, and snippets of the transcript. Not only do the included portions fail to substantiate his claims, but we are left to assume that the missing portions supported the district court's order summarily dismissing Berner's post-conviction petition. As a result, Berner has failed to prove that his attorney's strategic decision not to call the potential witness and not to introduce the medical records constituted ineffective assistance. Thus, the district court did not err in dismissing his petition for post-conviction relief.

Berner has failed to present evidence of facts giving rise to a prima facie claim of ineffective assistance of counsel. Accordingly, we affirm the district court's judgment summarily dismissing Berner's petition for post-conviction relief. No costs or attorney fees are awarded on appeal.

Judge LANSING and Judge GRATTON, **CONCUR.**