Judge LANSING,
Dissenting in Part.
I concur with the majority opinion with respect to all but two of Grant’s post-conviction claims. In my view, counsel should have been appointed for Grant because he presented the possibility of valid claims that his attorney was ineffective because he did not review the presentence investigation report (PSI) with Grant or take steps to correct misinformation in the PSI and did not present available mitigating evidence at sentencing.
As the majority opinion points out in footnote 4, throughout its decision denying appointment of counsel and dismissing Grant’s action, the district court misapprehended or misapplied the law in two important respects. First, the district court failed to recognize that verified documents filed by Grant stating alleged facts within his personal knowledge constitute affidavits and therefore are evidence. See Mata v. State, 124 Idaho 588, 593, 861 P.2d 1253, 1258 (Ct.App.1993); Camp v. Jiminez, 107 Idaho 878, 881, 693 P.2d 1080, 1083 (Ct.App.1984). Therefore, the district court’s repeated statements that Grant had presented no evidence supporting his allegations were not correct. Second, although the district court recited the proper standard for consideration of a request for appointed counsel by an indigent petitioner in a post-conviction action, the court does not appear to have applied that standard to Grant’s claims. Rather than evaluating whether Grant had stated “the possibility of a valid claim,” Charboneau v. State, 140 Idaho 789, 793, 102 P.3d 1108, 1112 (2004), the district court applied the standard for summary dismissal or, even more inappropriately, imposed the standard of proof by a preponderance of the evidence which would be proper only upon an evidentiary hearing. These errors, I believe, led the district court to erroneously deny counsel to represent Grant on some of his claims.[1]
The first is Grant’s allegation that his attorney did not review the PSI with him or take action to correct misstatements in the PSI. This specific claim of ineffective assistance relating to the PSI was not alleged in the pro se petition. Rather, the petition’s allegations vis-a-vis the PSI were that “counsel failed to advise, attend, or protect client’s interest during the presentence investigation” and that the attorney did not advise Grant that he was not obligated to provide adverse information in the interview. However, following the district court’s notice of intent to dismiss the action, Grant filed a verified response in which he stated: “Furthermore, Grant was not given the opportunity to go over the PSI with the PD and correct mistakes, assumptions, or unproven allegations. Grant asserts that the PSI is incorrect and that he specifically requested the PD to have the PSI amended to correct the misinformation but was rebuffed.” The district court should have considered these allegations before denying appointed counsel. As the Idaho Supreme Court explained in *609 Charboneau, before denying counsel, the court must give the petitioner adequate notice of the perceived defects in his allegations or evidence and allow the petitioner “to supplement the request with the necessary additional facts, if they exist.” Id. (quoting Brown v. State, 135 Idaho 676, 679, 23 P.3d 138, 141 (2001)). That is what Grant did in his response to the court’s notice of intent to dismiss and, in my view, the additional information that he provided in that response was sufficient to state the possibility of a valid claim.
The majority opinion affirms the dismissal of this claim on the ground that a routine presentence interview is not a critical stage of the criminal proceedings. While I agree that this rule of law precludes Grant’s claims of ineffective assistance for his attorney’s failure to attend the PSI interview or to advise him in advance concerning the interview, I do not agree that it extends to an attorney’s failure to identify and correct inaccuracies in the report at the sentencing hearing. Unlike the presentence interview, the sentencing hearing is unquestionably a critical stage of the adversarial process at which a criminal defendant is constitutionally entitled to effective assistance of counsel. Estrada v. State, 143 Idaho 558, 562, 149 P.3d 833, 837 (2006). Part of counsel’s role at sentencing is to assure that erroneous information in the PSI is challenged and corrected. In my view, an attorney’s failure to discuss the PSI with the defendant and make efforts to correct errors in the PSI that are brought to the attorney’s attention by the defendant constitutes deficient performance. It is unknown, of course, whether, with the assistance of counsel, Grant could present evidence sufficient to prove this claim or even sufficient to survive a motion for summary dismissal. (To date he has not, for example, even identified any of the alleged inaccuracies in the PSI.) He has, however, alleged at least the possibility of a valid claim and, therefore, in my view, should have been appointed counsel to assist him in presenting it.
Likewise, Grant’s allegation that his attorney failed to present available mitigating evidence at sentencing asserts the possibility of a valid claim. The majority holds that this claim was properly dismissed because counsel’s failure to present mitigating evidence could constitute sound trial strategy. In my view, that disposition is inappropriate at this stage of the proceedings. As the majority notes, tactical or strategic decisions of trial counsel will not be second-guessed on appeal “unless those decisions are based on inadequate preparation, ignorance of relevant law or other shortcomings capable of objective evaluation.” Howard v. State, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct.App.1994). At this stage, with Grant not having been appointed counsel to help him develop this claim, neither the district court nor this Court is in a position to determine whether there existed viable mitigating evidence or, if so, whether the attorney’s failure to present it was based on inadequate preparation, ignorance of relevant law, or other shortcomings. We have previously held that an omission to present available mitigating evidence at sentencing can constitute ineffective assistance of counsel warranting post-conviction relief. Vick v. State, 131 Idaho 121, 125-26, 952 P.2d 1257, 1261-62 (1998); see also Richman v. State, 138 Idaho 190, 193, 59 P.3d 995, 998 (Ct.App.2002). Thus, this is a claim for which Grant should have been appointed counsel. For the foregoing reasons, I would reverse the summary dismissal with respect to the two claims described above and would remand for appointment of counsel and further proceedings on those claims.

. I also note another misunderstanding, expressed in the district court’s notice of intent to dismiss, concerning the evidence that may be considered by the court relative to summary dismissal of a post-conviction action. In the district court’s notice of intent to dismiss, the court stated, “As the Petitioner did not request the review of the underlying criminal record, this court cannot examine any evaluations or even determine what type of 'psych-evaluation,' if any, occurred here.” The court thereby unduly limited the information it could consider. Idaho Rule of Evidence 201 governs judicial notice of adjudicative facts. Subsection (c) of that rule specifically contemplates that a court may take judicial notice, "whether requested or not,” of records, exhibits or transcripts from the court file in a separate case. Therefore, the court was free to take judicial notice of the evaluations of Grant that were in the criminal case file. I also note that the district court apparently did take notice of information from the criminal case file when it refuted Grant’s claims, for the court dismissed some of the claims based on the content of Grant’s guilty plea questionnaire in the criminal case file.