IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40779

| JORGE ALEXANDER BAIRD, | ) | 2014 Unpublished Opinion No. 662 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: August 13, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Judgment denying petition for post-conviction relief, affirmed.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.
_____

GUTIERREZ, Chief Judge

Jorge Alexander Baird appeals from the district court's judgment denying his petition for post-conviction relief following an evidentiary hearing. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Baird was charged with voluntary manslaughter and the use of a firearm during the commission of a felony for the shooting death of Jake Roach, along with thirteen additional felonies for his actions following the shooting. Despite claiming the shooting was in self-defense, Baird pled guilty to voluntary manslaughter and six additional charges in exchange for dismissal of the remaining counts. Following the entry of his plea, but prior to sentencing, Baird provided his counsel with a letter purporting to be from a witness who indicated Baird had been the victim of a planned robbery on the night of Roach's death and the witness believed

1

Baird's actions in killing Roach were in self-defense. Counsel did not submit the letter or any testimony from the witness at the sentencing hearing. Baird was sentenced to a unified term of thirty-seven years imprisonment, with seventeen years determinate. Baird's judgment of conviction and sentence were affirmed on appeal. *State v. Baird*, Docket No. 38961 (Ct. App. Mar. 8, 2012) (unpublished).

Baird filed a timely petition for post-conviction relief asserting numerous claims, including that he received ineffective assistance of counsel due to defense counsel's failure to introduce the letter and/or the witness's testimony at sentencing. Baird was appointed counsel. Following an evidentiary hearing, at which Baird and his defense counsel testified, the district court entered an order denying Baird's petition for relief. Baird now appeals, asserting the district court erred by denying his claim that counsel was ineffective for not utilizing the letter.

## II.

## ANALYSIS

Baird contends the district court erred in dismissing his claim that his defense counsel was ineffective for failing to introduce the letter at sentencing. Specifically, he contends his counsel's decision constituted deficient performance, was prejudicial, and amounted to ineffective assistance of counsel.

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. Idaho Code § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. Idaho Rule of Civil Procedure 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct.

App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Richman v. State*, 138 Idaho 190, 192, 59 P.3d 995, 997 (Ct. App. 2002). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Generally, defense counsel is bound to conduct a prompt and thorough investigation of his or her case. *Richman*, 138 Idaho at 193, 59 P.3d at 998; *Davis v. State*, 116 Idaho 401, 407, 775 P.2d 1243, 1249 (Ct. App. 1989). The course of that investigation will naturally be shaped by a variety of factors, many peculiar to the particular case. *Richman*, 138 Idaho at 193, 59 P.3d at 998; *Davis*, 116 Idaho at 407, 775 P.2d at 1249. A decision not to investigate or present mitigating evidence is assessed for reasonableness, giving deference to counsel's judgment. *Richman*, 138 Idaho at 193, 59 P.3d at 998.

At the evidentiary hearing on Baird's post-conviction petition, Baird's trial counsel testified she assessed the value of the letter, but determined it was information that the Court and State already had, noting that "it was pretty established that this was a robbery" and that it was "kind of a no-brainer" given that the victim was found with Baird's wallet and cell phone. She further testified she is "really reluctant . . . when [a client is] going to sentencing, to put on evidence that my client is denying his responsibility in something" and that she told Baird, "[Y]ou have to be real careful when you are getting sentenced not to deny responsibility for your conduct because judges don't like that." Counsel continued, noting that one walks a "fine line in what you give the Court in mitigation" and identified the evidence she believed was important and did present for that purpose in this case. Counsel also testified that the author of the letter

3

had possible criminal ties and that counsel did not know how the letter "would really . . . help to mitigate" given that the point was already established by other evidence.

In denying this claim, the district court determined that whether to utilize the letter at sentencing was a strategic decision that did not amount to deficient performance. The court noted that counsel testified as to her strategy in deciding not to use the letter: it was duplicative of information already in the record and had only slight corroborative value that was greatly outweighed by the risk that the sentencing court would perceive it as a means of avoiding responsibility. Thus, the district court concluded, counsel's decision not to utilize the letter did not fall below an objective standard of reasonableness.

The district court's decision is well-reasoned and correct. Counsel's decision in this instance is a classic example of trial strategy and it is well settled that we will not second-guess such tactical or strategic decisions on appeal without evidence that those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales*, 151 Idaho at 172, 254 P.3d at 73. Baird provides no such evidence. The record is clear that counsel assessed the evidence and came to a reasoned conclusion not to use it at sentencing. Because we agree that it did not constitute deficient performance, we need not reach the issue of prejudice. The district court's judgment denying Baird's petition for post-conviction relief is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**

4