**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45526**

| | |
|---|---|
| SAMUEL WALTER MENDENHALL, | ) |
| | ) **Filed: November 16, 2018** |
| Petitioner-Appellant, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Judgment dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Samuel Walter Mendenhall appeals from the district court's judgment dismissing his petition for post-conviction relief. He argues the district court erred in summarily dismissing his claim that his trial counsel was ineffective for failing to obtain a psychological examination under Idaho Code § 19-2522 before sentencing. The judgment of the district court is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Mendenhall was charged with five felonies: three counts of injury to a child, one count of unlawful possession of a firearm, and one count of domestic battery in the presence of a child; and five misdemeanors: four counts of battery and one count of injury to a child. Pursuant to a plea agreement, Mendenhall pleaded guilty to two counts of felony injury to a child and the felony count of unlawful possession of a firearm. Before sentencing, defense counsel requested

1

the district court order a psychological examination under Idaho Code § 19-2522. The district court asked defense counsel whether a mental health screening under I.C. § 19-2524 would suffice, to which counsel responded, "It probably would." Counsel then stated, "I would defer to the Court on what level of screening you think would be most helpful to you for sentencing." After the Court indicated it was inclined to first order a mental health screening under I.C. § 19-2524 and then see if the screening recommended a psychological examination under I.C. § 19-2522, counsel responded, "That would be wonderful."

The results of Mendenhall's mental health screening listed provisional diagnoses for Mood Disorder NOS (not otherwise specified) and Generalized Anxiety Disorder and recommended Mendenhall continue mental health treatment with his current provider, but stated that no additional mental health assessment was necessary. The district court received the screening and the presentence investigation report (PSI), both of which provided information about Mendenhall's psychological state, for consideration. The district court sentenced Mendenhall to a unified twenty-five year term, with ten years determinate.

Mendenhall filed a petition for post-conviction relief alleging, among other things, that his trial counsel rendered ineffective assistance for failing to obtain a psychological examination under I.C. § 19-2522 before sentencing. After the State moved for summary dismissal, the district court entered judgment and summarily dismissed Mendenhall's petition. Mendenhall timely appeals to this Court.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to

facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). "To establish prejudice, the claimant must show a reasonable probability that but for his attorney's deficient performance the outcome of the proceeding would have been different." *Baldwin v. State*, 145 Idaho 148, 154, 177 P.3d 362,

3

368 (2008); *see also Lafler v. Cooper*, 566 U.S. 156, 165 (2012) (explaining the prejudice standard extends to sentencing); *Richman v. State*, 138 Idaho 190, 194, 59 P.3d 995, 999 (Ct. App. 2002) (requiring evidence that the district court would have ordered a different sentence to show counsel's deficient performance prejudiced a defendant).

## III.

## ANALYSIS

Mendenhall argues the district court erred in summarily dismissing his claim that his trial counsel was ineffective for failing to obtain a psychological examination under I.C. § 19-2522 before sentencing. We need not decide whether Mendenhall has shown that his trial counsel's inaction concerning a psychological examination under I.C. § 19-2522 amounts to deficient performance because we conclude Mendenhall has failed to provide evidence of prejudice.

Mendenhall claims the district court did not have, and therefore did not consider, all the necessary information before imposing sentence. Mendenhall argues the district court was missing a required psychological examination under I.C. § 19-2522 which, had the court obtained and considered, would have caused the district court to impose a lesser sentence. Despite this argument, Mendenhall did not obtain or attach a psychological examination, or a similar document detailing new or additional mitigating psychological information, to his petition for post-conviction relief. While Mendenhall attached medical records describing his history of mental health that were contained in the PSI and reviewed by the district court before sentencing, he presented no new evidence to the district court upon which it could conclude there was a reasonable probability that the information would have affected the outcome or that Mendenhall would have received a lesser sentence. Instead, Mendenhall argues that a psychological examination *could* show the district court would have acted differently. This falls short of the standard. Further, even if Mendenhall had provided new or additional mitigating psychological information with his petition, he would still have to show the new or additional information establishes a reasonable probability that the district court would have imposed a lesser sentence. *See Richman*, 138 Idaho at 194, 59 P.3d at 999 (finding no prejudice where additional evidence of a petitioner's mental health was provided on post-conviction, but where that evidence did not show a reasonable possibility that the district court would have imposed a lesser sentence).

4

Although Mendenhall fails to establish prejudice as traditionally analyzed, he also argues that because the district court lacked the required psychological examination under I.C. § 19-2522 (which Mendenhall attributes to his trial counsel's failure to insist upon a psychological examination), the sentencing hearing was presumptively unreliable. Mendenhall contends prejudice should thus be presumed and consequently he did not need to provide the district court with new or additional evidence of his psychological condition with his petition for post-conviction relief. For this proposition, Mendenhall points this Court to *Roe v. Flores-Ortega*, 528 U.S. 470 (2000) and *Hill v. Lockhart*, 474 U.S. 52 (1985). In *Roe*, the United States Supreme Court held "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim." *Roe*, 528 U.S. at 484. In *Hill*, speaking of challenges to guilty pleas, the Court held "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Both *Roe* and *Hill* stand for the proposition that in some cases, in order to prove prejudice, petitioners only need to show that but for the ineffective assistance of counsel, they would have exercised their right to a certain part of the proceeding. Mendenhall argues this Court should apply this prejudice standard instead of requiring he prove a reasonable probability that but for his attorney's deficient performance his sentence would be lesser.

The standard from *Roe* and *Hill* is inapplicable here because Mendenhall was not deprived of the opportunity to participate in the sentencing hearing as a result of his counsel's alleged ineffective assistance. In fact, Mendenhall was present, presented evidence, and made a statement at the sentencing; nothing indicates he was deprived of the opportunity to participate in the sentencing hearing. Because Mendenhall was able to participate, we decline to presume prejudice in this case.

Additionally, where the record indicates the deliberate process the district court undertook concerning Mendenhall's mental health as a sentencing factor, prejudice need not be presumed. The record shows that although the district court considered trial counsel's request for a psychological examination under I.C. § 19-2522, it felt a mental health screening under I.C. § 19-2524 would be sufficient as a first step. The mental health screening pursuant to I.C. § 19-2524 indicated no further mental health assessments were necessary. Mendenhall has

5

provided no evidence to indicate an error in that screening tool. After receiving the results from the screening and evaluating the mental health records contained in the PSI, the district court agreed with the screening's conclusion that no additional mental health assessment was necessary. This deliberate process indicates the district court did not disregard the requirements of I.C. § 19-2522(3), finding instead that the screening fulfilled those requirements, as permitted by I.C. § 19-2522(6). As such, there is no reason for this Court to presume prejudice resulted from the representation provided by Mendenhall's trial attorney. Thus, Mendenhall must show there is a reasonable probability that his sentence would be lesser absent his counsel's alleged ineffective assistance. Because Mendenhall has not met this standard, he failed to prove the prejudice element of his ineffective assistance of counsel claim, and the district court did not err by summarily dismissing Mendenhall's petition.

## IV.

## CONCLUSION

Because Mendenhall failed to provide the district court with evidence of prejudice, the district court did not err by summarily dismissing Mendenhall's petition for post-conviction relief. The district court's judgment is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.