**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47797**

| | |
|---|---|
| SHAWN M. KESLING,<br><br>   Plaintiff-Respondent,<br><br>v.<br><br>STATE OF IDAHO,<br><br>   Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

) **Filed: January 5, 2022**

) **Melanie Gagnepain, Clerk**

) **THIS IS AN UNPUBLISHED**
) **OPINION AND SHALL NOT**
) **BE CITED AS AUTHORITY**

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael J. Reardon, District Judge.

Judgment summarily dismissing amended petition for post-conviction relief, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Shawn M. Kesling appeals from the district court's judgment granting the State's motion for summary dismissal of Kesling's post-conviction petition and denying Kesling's motion for summary disposition. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In March 2016, law enforcement received information that Kesling was writing checks with insufficient funds. One check in particular, check #1136, was issued on June 1, 2015. Kesling first spoke with law enforcement in December 2016. He reported that the American Express Bluebird account ending in 0075 that he had used for check #1136 was closed for the past six months because they were having issues with it. Eventually, Kesling admitted to law enforcement he used an unauthorized code on check #1136 when he was supposed to call Bluebird and acquire

1

an authorization code before issuing any checks. Kesling told law enforcement he could easily provide documentation to establish the account existed, and he stated he would call Bluebird that day. Nonetheless, Kesling never provided law enforcement documentation of his Bluebird account even though he contacted the investigating officer by email for other reasons.

Detective Buie issued a subpoena to American Express and was advised that the alleged Bluebird bank account did not exist. Detective Buie later received information that the account number on the checks did not coordinate with any accounts and were fraudulently produced.

Kesling was charged with several offenses and ultimately pled guilty to one count of forgery, Idaho Code § 18-3606; the other charges were dismissed pursuant to a plea agreement. The charge Kesling pled guilty to alleged:

COUNT I

That the defendant, SHAWN MICHAEL KESLING, on or about the lst day of June 2015, in the County of Ada, State of Idaho, did, with the intent to defraud another, make, and/or pass, and/or utter any fictitious bill, note, or check, purporting the bill, note, or check in writing for the payment of money or property of some such bank account when in fact, there is no such bank account in existence, knowing the same to be fictitious, to-wit: check #1136 from a fictitious Bluebird bank account made payable to Ada County in the amount of $130.55.

In February 2018, Kesling filed a pro se petition for post-conviction relief, and the State responded with a motion for summary dismissal. Counsel was appointed for Kesling, and the district court granted Kesling permission to conduct discovery. Subsequently, Kesling amended his petition for post-conviction relief. In Count 1 of his amended petition, Kesling claimed that his trial counsel was ineffective for failing to "properly investigate and obtain evidence in defense of the crime; to wit: bank account statements and records that proved or tended to prove that he did not write checks on an account that did not exist." In May 2019, Kesling filed a motion for summary disposition but later obtained a stay from the district court in order to conduct further investigation into the existence of business records establishing a valid account. In January 2020, the district court entered its order denying Kesling's motion for summary disposition and granting the State's motion for summary dismissal. Kesling timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323,

2

1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim

3

for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### III.

### ANALYSIS

Kesling argues that the district court erroneously granted the State's motion for summary dismissal of his ineffective assistance of counsel claim. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not

have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Kesling claims ineffective assistance of counsel because trial counsel did not properly investigate the existence of Bluebird account 0075. Kesling maintains he had an active Bluebird account ending in 0075 which corresponded with check #1136. Kesling provided the district court with an account statement for Bluebird account 0680 and American Express records for account 0680. Kesling also provided business records and an affidavit from Harland Clarke, a check printing company, that show four check orders were transmitted from American Express Bluebird to Harland Clarke to print and deliver personalized checks to Shawn M. Kesling. The check orders reference American Express Bluebird account 0075. Based upon this evidence, Kesling argues he would have had a defense to the charge and chose to go to trial rather than plead guilty.

The State argues that the district court correctly concluded that trial counsel's performance was reasonable because Kesling has failed to submit sufficient proof that account 0075 actually existed or that trial counsel would have discovered evidence of its existence. The State further argues that even if the account existed, trial counsel reasonably recognized the State would amend the charge to forgery under I.C. § 18-3601 based on Kesling's admission to writing a fictitious preauthorization code on check #1136. In this regard, the State points out that Kesling admitted forgery when he told the district court he wished to plead guilty: "Because I committed the act as alleged. I wrote a check to--I believe it was Ada County--and falsified the authorization number that was required to have the check paid. So I am guilty." Lastly, even without amendment, the State argues that trial counsel reasonably could have determined conviction under I.C. § 18-3606 would have been upheld on appeal under *State v. Bishop*, 89 Idaho 416, 405 P.2d 970 (1965) (upholding conviction under I.C. § 18-3606 even though evidence only supported conviction under I.C. § 18-3601).

The district court reviewed the documents Kesling submitted in his effort to show the existence of account 0075. As to the American Express records, the district court correctly noted that "none of those accounts are the 0075 Account from which Petitioner is alleged to have made the check that was the subject of his forgery conviction." The district court stated:

At this point in the proceedings, Petitioner has been given approximately nineteen (19) months, since the entry of the Court's order for Permission to Conduct Civil Discovery, to produce some evidence from Bluebird American Express or Wells Fargo of the existence of the 0075 Account in question. Petitioner has failed to do so.

The district court indicated that, "at best," the Harland Clarke affidavit showed four check orders were transmitted from American Express Bluebird to Harland Clarke to print and deliver checks to Kesling. The check orders reference American Express Bluebird account 0075. The affidavit of the Harland Clarke representative, however, indicated that Harland Clarke does not maintain or possess any banking or financial records for Kesling. Based upon the documentation provided, the district court could not find the account 0075 actually existed, let alone existed with funds available to Kesling. The district court determined that since Kesling has been unable to produce evidence of the account almost two years after requesting time for civil discovery, it was not unreasonable for Kesling's trial counsel to have forgone such a "fruitless investigation."

We agree with the district court's finding there is no genuine issue of material fact in regard to account 0075. While Kesling provided business records that demonstrate a Bluebird American Express account 0680 and check orders for account 0075, he has not demonstrated how these accounts are connected nor whether account 0075 actually existed.

Trial counsel did have a duty to conduct a prompt investigation in Kesling's case. *See Richman v. State*, 138 Idaho 190, 193, 59 P.3d 995, 998 (Ct. App. 2002) (noting trial counsel's duty to investigate and that such investigation will be assessed based upon reasonableness given the circumstances of the case). Trial counsel had access to law enforcement reports. Those reports reflected that Kesling admitted to law enforcement that he used an unauthorized code on check #1136 when he was supposed to call Bluebird and acquire an authorization code before issuing any checks and that law enforcement determined account 0075 did not exist. Lastly, although Kesling has maintained that account 0075 existed, he has failed to provide any evidence of such, including during his lengthy post-conviction proceedings.[1] Based upon all the information trial

---

[1] Although it remains trial counsel's duty to investigate, this does not mean the Court must disregard Kesling's ability to help counsel with his defense. Although the account had reportedly been closed for the past six months, Kesling remained in a position to acquire documentation to show account 0075 existed in June 2015. During his interview, Kesling told law enforcement he could easily provide documentation to establish the account existed and he stated he would call Bluebird that day. Yet, he never provided law enforcement any documentation of his Bluebird account event though he had the ability to follow up given that he contacted the investigating

counsel had, and Kesling's failure to provide evidence that additional investigation would have been productive, the district court correctly concluded that there was no genuine issue of material fact that trial counsel's performance was deficient.

As such, we need not address the parties' arguments regarding the prejudice prong of *Strickland*. The district court did not err in granting the State's motion for summary dismissal and denying Kesling's motion for summary disposition.

## IV.

## CONCLUSION

Kesling failed to provide evidence to show a genuine issue of material fact that his trial counsel's actions were deficient. For that reason, the district court did not err when it granted the State's motion for summary dismissal and denied Kesling's motion for summary disposition. The district court's judgment dismissing Kesling's amended petition for post-conviction relief is affirmed.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.

---

officer by email for other reasons. Finally, Kesling does not allege he provided documentation to his trial counsel that would have warranted further investigation, he only verbally insisted the account existed.