# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44099

|  |  |  |
|---|---|---|
| ALIK G. TAKHSILOV, | ) | |
| | ) | Boise, November 2016 Term |
| Petitioner-Appellant, | ) | |
| | ) | 2016 Opinion No. 136 |
| v. | ) | |
| | ) | Filed: November 23, 2016 |
| STATE OF IDAHO, | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

The judgment of the district court is affirmed.

Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant. Dennis A. Benjamin argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. John C. McKinney argued.

_____

J. JONES, Chief Justice

Alik Takhsilov appealed from the district court's summary dismissal of his petition for post-conviction relief, arguing that his trial counsel was ineffective for failing to request a competency evaluation prior to his entry of guilty pleas. The Court of Appeals initially heard the appeal and vacated the summary dismissal. The State sought review, which this Court granted.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

During the pendency of his underlying criminal case, Takhsilov was deemed incompetent to proceed and was transferred to Idaho State Hospital South pursuant to Idaho Code section 18-212. Three months later, he was found to have regained competency, and he was returned to the

1

district court. Takhsilov then entered guilty pleas to one count of robbery under Idaho Code section 18-6501 and one count of burglary under Idaho Code section 18-1404.

Takhsilov filed a petition for post-conviction relief, claiming that his counsel was ineffective in failing to request a mental health evaluation under Idaho Code section 18-211 prior to the change of plea. He claims that when he entered the pleas he was again experiencing the symptoms that had originally rendered him incompetent, including hearing voices and being unable to understand the proceedings. The State moved for summary dismissal on the grounds that Takhsilov had not met his burden of providing sufficient facts to avoid dismissal because, among other things, he did not present an expert opinion that he was not competent at the time he entered his pleas. The district court gave notice of its intent to dismiss on the grounds asserted by the State and granted Takhsilov an extension to file a response, but no response was filed. The court subsequently dismissed the petition, and Takhsilov filed a timely notice of appeal. The Court of Appeals vacated the judgment, and the case is before this Court on review.

## II.
## ISSUES ON APPEAL

1.      Whether the State provided adequate notice of the grounds upon which it was seeking summary dismissal.

2.      Whether Takhsilov raised a material factual dispute as to his competence at the time he entered his pleas.

## III.
## STANDARD OF REVIEW

"When reviewing a case on petition for review from the Court of Appeals this Court gives due consideration to the decision reached by the Court of Appeals, but directly reviews the decision of the trial court." *State v. Lute*, 150 Idaho 837, 839, 252 P.3d 1255, 1257 (2011).

> When reviewing the grant of a motion for summary judgment, this Court applies the same standard used by the district court in ruling on the motion. Likewise, when reviewing a district court's order of summary dismissal in a post-conviction relief proceeding, we apply the same standard as that applied by the district court.

*Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2009) (internal citations and quotations omitted).

Post-conviction proceedings are governed by the Uniform Post-Conviction Procedure Act. I.C. § 19-4901 to 19-4911. A petition for post-conviction relief is a civil proceeding, governed by the Idaho Rules of Civil Procedure. *Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d

2

642, 646 (2008). "Idaho Code section 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the trial court's own initiative. Summary dismissal of an application is the procedural equivalent of summary judgment under I.R.C.P. 56." *State v. Yakovac*, 145 Idaho 437, 444, 180 P.3d 476, 483 (2008). The application must "contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1)," and it must be supported by a statement that "specifically set[s] forth the grounds upon which the application is based." *Rhoades v. State*, 148 Idaho 247, 249–50, 220 P.3d 1066, 1068–69 (2009) (quoting *State v. Payne*, 146 Idaho 548, 560–61, 199 P.3d 123, 135–36 (2008)). "The application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal." *Payne*, 146 Idaho at 561, 199 P.3d at 136 (citing I.C. § 19-4903). However, the Court "is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law." *Id.* Thus, when reviewing the summary dismissal of a petition for post-conviction relief, this Court must determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483. Appellate courts freely review whether a genuine issue of material fact exists. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069.

## IV.
## ANALYSIS

**A.    The State provided adequate notice of the grounds upon which it was seeking summary dismissal.**

Takhsilov argues that the State's motion for summary dismissal was deficient because it relied on a misreading of this Court's opinion in *Ridgley* and failed to provide adequate notice of the grounds upon which the State was seeking dismissal. Because the district court adopted the State's motion in its entirety in its notice of intent to dismiss, he claims the court relied on improper grounds in dismissing his petition. The State's motion contains a "legal standards" section in which the State cited *Ridgley* for the proposition that to be successful on a claim that counsel was ineffective for not requesting a mental health evaluation, "the opinion about the petitioner's competency to enter a plea must be made by an expert." The State further asserted that "in order to survive a motion for summary dismissal a petitioner must have an opinion from an expert that he was incompetent during the case."

3

The State's assertions regarding the *Ridgley* holding were somewhat overstated because, although a qualified expert's opinion is necessary to ultimately demonstrate incompetence, an expert opinion is not essential to survive a motion for summary dismissal. The State contends that its motion, as a whole, correctly set out the legal standards applicable to summary dismissal under Idaho Code section 19-4906(c) and that Takhsilov failed to present any admissible evidence supporting his claim of incompetence.

In its legal standards section regarding summary dismissal, the State acknowledges that "[s]ummary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact, which, if resolved in the applicant's favor, would entitle the applicant to the requested relief." Further, the State correctly asserts:

> Bare or conclusory allegations, unsubstantiated by any fact, are inadequate to entitle a petitioner to an evidentiary hearing. . . . If a petitioner fails to present evidence establishing an essential element on which he bears the burden of proof, summary dismissal is appropriate. . . . Where petitioner's affidavits are based upon hearsay rather than personal knowledge, summary disposition without an evidentiary hearing is appropriate.

The State contends in the "argument" section of its motion that Takhsilov had not alleged sufficient facts to survive summary dismissal and that he relied on his own unsupported assertion that he was not competent.

It is undisputed that Takhsilov is entitled to adequate notice of the grounds upon which dismissal is sought, *Kelly v. State*, 149 Idaho 517, 521–22, 236 P.3d 1277, 1281–82 (2010). "If the notice is sufficient that the other party cannot assert surprise or prejudice, the requirement is met." *DeRushé v. State*, 146 Idaho 599, 601, 200 P.3d 1148, 1150 (2009). While at one point in its motion the State incorrectly characterized *Ridgley* as requiring an expert opinion to survive summary dismissal in every post-conviction case, it correctly pointed out in its motion that Takhsilov's petition only contained bare, conclusory, and unsupported assertions. In a post-conviction case, this Court exercises free review. *Rhoades,* 148 Idaho at 250, 220 P.3d at 1069. In determining whether the State provided adequate notice as to grounds upon which summary dismissal is sought or whether a genuine issue of material fact exists, the Court will not confine its review to discrete portions of relevant documents but will review all of the "pleadings, depositions and admissions together with any affidavit on file." *Id.* When considered in its entirety, the State's motion adequately notified Takhsilov of the grounds upon which summary dismissal was being sought. The district court provided Takhsilov written notice of its intent to

summarily dismiss the petition based upon the grounds stated in the State's motion and granted Takhsilov twenty days to reply. When no reply was forthcoming, the district court dismissed the petition. Thus, the grounds upon which the State sought summary dismissal were clear in the motion as a whole, giving Takhsilov adequate notice.

**B.      Takhsilov failed to raise a material factual dispute as to his competence at the time he entered his pleas.**

The standard for determining competency to stand trial is whether the defendant has the capacity to understand the proceedings against him and assist in his defense. *State v. Powers*, 96 Idaho 833, 842, 537 P.2d 1369, 1378 (1975). Takhsilov asserts that he was incompetent at the time he entered his pleas and that his counsel was deficient for failing to recognize his condition and seek a competency evaluation. Therefore, "we must decide whether [Takhsilov] has presented admissible evidence showing that there is a reasonable probability that he was incompetent at the time he entered his plea[s]." *Ridgley*, 148 Idaho at 678, 227 P.3d at 932.

Takhsilov argues that he raised a genuine issue of material fact that he was incompetent at the time he entered his pleas. He asserts that he did not have the capacity to understand the proceedings against him and assist in his defense and that counsel should have recognized this and requested a competency evaluation. In support of his claim, he asserts that he had previously been found incompetent and placed at Idaho State Hospital South, his condition was "severe" when he was released and, prior to his plea, he began experiencing the same symptoms that led to the initial finding of incompetency. Takhsilov argues that medical history alone can meet the standard and contends that his case differs from *Ridgley*.

In *Ridgley*, the petitioner similarly claimed counsel was ineffective in failing to request a competency evaluation. 148 Idaho at 674, 227 P.3d at 928. A psychological evaluation was prepared for sentencing nine months after the plea and noted some indications of depression, post-traumatic stress disorder, and anxiety disorder. *Id*. at 678, 227 P.3d at 932. Ridgley offered the evaluation together with his affidavit stating his own "conclusory and bare assertions" that he was incompetent at the time he entered his guilty plea. *Id.* He presented no other facts regarding his mental condition. We found that this did not demonstrate a reasonable probability that Ridgley was incompetent at the time of his plea. *Id*. Takhsilov argues that while the petitioner in *Ridgley* provided no evidence other than his testimony, Takhsilov provided additional evidence. He claims that statements of his mental history and condition in his amended petition and supporting affidavit suffice to create a genuine issue of material fact.

The State points out that Takhsilov presented only two statements regarding his mental condition. Takhsilov's amended petition asserts: "Mr. Takhsilov reports that prior to entry of his guilty plea on March 5, 2013, he began hearing voices and was suffering greatly from his mental illness, deeming him once again incompetent." In a supporting affidavit, Takhsilov stated: "During the time after my stay at Idaho State Hospital-South, and prior to the entry of my guilty plea, I was suffering from the symptoms of my mental illness. I did not understand what was going on in my case."

The first statement, contained in Takhsilov's verified petition, is not admissible evidence. *Dunlap v. State*, 159 Idaho 280, 295, 360 P.3d 289, 304 (2015) ("An application for post-conviction relief must present or be accompanied by admissible evidence supporting its allegations, or the application is subject to dismissal.") The statement does not directly assert "that prior to entry of his guilty plea on March 5, 2013, [Takhsilov] began hearing voices and was suffering greatly from his mental illness." Instead, it  avers that "Mr. Takhsilov *reports* that prior to entry of his guilty plea on March 5, 2013, he began hearing voices and was suffering greatly from his mental illness, deeming him once again incompetent." The critical word is "reports." The amended petition is silent as to when, where and to whom Takhsilov made the "report" or "reports." Due to these foundational deficiencies, the statement is inadmissible hearsay.

"'Hearsay' is an out-of-court statement 'offered in evidence to prove the truth of the matter asserted.'" *State v. Herrera*, 159 Idaho 615, 621, 364 P.3d 1180, 1186 (2015). Hearsay evidence is inadmissible except as provided in the Idaho Rules of Evidence or other rules promulgated by the Court. I.R.E. 802.

Takhsilov's first statement is not a statement which is defined by the Idaho Rules of Evidence not to be hearsay. *See* I.R.E. 801(d). Due to the absence of evidence relating to the circumstances under which the report was made, there is no basis for concluding that any potentially applicable hearsay exception applies. *See* I.R.E. 803(1) ("A statement describing or explaining an event or condition made *while the declarant was perceiving the event or condition, or immediately thereafter*.") (emphasis added); I.R.E. 803(3) ("A statement of the declarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feeling, pain, and bodily health), but *not including a statement of memory or belief*  or prove the fact remembered or believed unless it relates to the execution, revocation,

identification, or terms of declarant's will.) (emphasis added); I.R.E. 803(4) ("Statements made *for purposes of medical diagnosis or treatment* and describing medical history, or past or present symptoms. . . ) (emphasis added). Further, although none of the exceptions to the hearsay rule found in I.R.E. 804 appear to have potential application to the report, the absence of any indication that Takhsilov is unavailable renders the rule inapplicable.

The second statement contains "conclusory and bare assertions" that do not address Takhsilov's mental condition at the time he entered his guilty pleas. *Ridgley*, 148 Idaho at 678, 227 P.3d at 932. The State's motion correctly notes that, with only those claims, in the absence of an expert opinion, "[t]he Court is left with the petitioner's bare assertion of incompetence." Takhsilov's conclusory allegations of his medical history and condition do not suffice to create a genuine issue of fact regarding his competency. The district court properly granted the State's motion for summary dismissal.

## V.
## CONCLUSION

We affirm the district court's judgment dismissing Takhsilov's petition.


Justices EISMANN, BURDICK, W. JONES and HORTON CONCUR.