# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45801

JACOB ALLEN HICKEY,

      Petitioner-Appellant,

v.

STATE OF IDAHO,

      Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: September 9, 2019

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Order denying reconsideration of order summarily dismissing amended petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeffery D. Nye, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Jacob Allen Hickey appeals from the district court's denial of his motion for reconsideration of its order summarily dismissing his amended petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2015, Hickey was charged with lewd conduct with a minor child under sixteen after a fifteen-year-old girl claimed Hickey raped her. *See* Idaho Code § 18-1508. Sometime after the victim reported the rape to the police, Officer Hale arranged, by telephone, to meet Hickey in the parking lot of a fast food restaurant to investigate Hickey's relationship with the victim. During this meeting, Hickey denied having any sexual contact with the victim.

1

Officer Hale asked whether Hickey would take a polygraph test, and Hickey responded he would.

Several days later, Hickey took a polygraph test, which Detective Palfreyman administered. After the test, Detective Palfreyman left the room. When Detective Palfreyman returned, Hickey said he needed to leave for work. Detective Palfreyman asked Hickey to wait in another interview room while Detective Palfreyman spoke to Officer Hale. Officer Hale then entered the interview room where Hickey was waiting and told Hickey the polygraph test did not go well. During this discussion, Hickey confessed to having sex with the victim.[1]

In December 2015, Hickey pled guilty unconditionally to an amended charge of felony injury to a child. *See* I.C. § 18-1501(1). Hickey later appealed, and this Court affirmed his conviction and sentence. *State v. Hickey*, Docket No. 43855 (Ct. App. June 16, 2016) (unpublished). Thereafter, Hickey filed a pro se petition for post-conviction relief, which he later amended after the appointment of counsel.

Hickey's claims for post-conviction relief generally fall into three categories. First, Hickey alleges claims related to his interactions with the police. These claims include that Hickey "was not allowed to discontinue his interview with the police and leave when he indicated he wanted to do so" and "was not allowed to consult with an attorney during [Hickey's] custodial interrogation even though he specifically and unequivocally asked to do so."

Second, Hickey alleges claims related to his developmental disability. Hickey contends that because of this disability, the police coerced or misled him to falsely confess; he did not plead guilty knowingly and voluntarily but, rather, believed he would have a jury trial; and he was not mentally capable of forming the mens rea necessary to be guilty of a crime. Hickey argues his developmental disability "weighs . . . on his competency" and "understanding capacity" and that "he has diminished cognitive abilities."

---

[1] The facts surrounding Hickey's interactions with the police are the subject of some of his claims. Hickey, however, provides no allegations about these facts either in his amended petition, his supporting affidavit, or elsewhere. For context, these facts about Hickey's interactions with Officer Hale and Detective Palfreyman are derived from Hickey's presentence investigation report of which the district court took judicial notice when addressing Hickey's claims.

2

Finally, Hickey alleges his trial counsel provided ineffective assistance of counsel. Hickey's amended petition alleges that his trial counsel did not represent Hickey "the way [Hickey] wished," refused to present "proper evidence," failed to attempt to obtain a mental health examination under Idaho Code § 18-211,[2] failed to present evidence of Hickey's developmental disability, and failed to adequately advise Hickey about his guilty plea.

With his amended petition, Hickey filed his affidavit and attached five documents in support of his assertion he was incompetent during the criminal proceedings against him including: (1) a "Psychological Assessment" performed in December 2009 to determine Hickey's eligibility for adult developmental services; (2) an "Idaho Standard Mental Health Assessment" under Idaho Code § 19-2524 performed in June 2012 after Hickey was charged with driving under the influence; (3) a "Report of Adaptive Behavior Testing" (Behavioral Report) performed in March 2014; (4) a "Developmental Assessment Summary" related to Hickey's qualification for developmental disability services including "updates" for the years 2011 through 2015; and (5) an "Annual [Developmental Disability] Eligibility Notice" dated April 2015. Additionally, the State submitted the transcripts for Hickey's change of plea and sentencing hearings, and the district court took judicial notice of Hickey's presentence investigation report (PSI) and a psychosexual evaluation prepared as a result of Hickey's guilty plea.

After filing his amended petition, Hickey requested that the district court order a mental health examination under I.C. § 18-211, arguing "it is certainly possible [Hickey] lacked the capacity to understand the proceedings against him or to assist in his own defense while he was being investigated, charged and convicted." After hearing oral argument, the district court entered a written order indicating it had reviewed Hickey's supporting documents and the underlying record. The court denied Hickey's request for a "retroactive mental health examination," finding there was "no evidence to entertain a reasonable, *bona fide* doubt that Mr. Hickey would be unable to understand his charges, rights, or sentencing." Further, the court specifically considered the Behavioral Report, which states Hickey's "functional independence is limited [and] comparable to [an] average individual at age 10 years 8 months." It rejected this

---

[2] Idaho Code § 18-211 provides for an examination of a defendant's mental condition whenever there is reason to doubt the defendant's capacity to understand the proceedings against him or to assist in his own defense because of a mental disease or illness.

3

statement as supportive of Hickey's claim that he lacked the capacity to understand the proceedings against him or to assist in his own defense.

Thereafter, the district court issued a notice of its intent to dismiss Hickey's amended petition. In response, Hickey requested additional time to gather evidence and to submit a response. The court granted this request, extending Hickey's time to respond.[3] After Hickey failed to respond, the State filed a motion for dismissal. A few weeks later, the district court entered an order summarily dismissing Hickey's amended petition for the reasons set forth in its notice of intent to dismiss.

Hickey then filed a motion requesting the district court to reconsider its summary dismissal order. Despite Hickey's failure to timely respond to the district court's notice of intent, the district court reconsidered its order on the merits and denied Hickey's motion for reconsideration. Hickey timely appeals the district court's denial of his motion for reconsideration. Hickey, however, did not appeal the district court's denial of his motion for a mental health examination under I.C. § 18-211. For the reasons set forth below, we affirm the district court's summary dismissal.

## II.

### STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1).

---

[3] The district court's order granting Hickey an extension to respond to its notice of intent to dismiss contained a typographical error stating Hickey had until "Fecember 15, 2017" to respond. Although, in his opening brief, Hickey argued that this typographical error meant he had until February 15, 2018, to respond and that the district court prematurely dismissed his petition before that date, Hickey withdrew this argument on reply. The record shows that the district court meant December 15, 2017, and also that Hickey's post-conviction counsel was not confused by the typographical error.

Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

### A. The District Court Did Not Err in Dismissing Hickey's Ineffective Assistance of Counsel Claims

Hickey argues the district court erred in dismissing his claims of ineffective assistance of counsel. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231.

Specifically, Hickey asserts on appeal that his trial counsel was ineffective for failing to file a motion for a mental health examination under I.C. § 18-211 and for failing to present

evidence regarding his developmental disability, which he contends impacted his competency.[4] In resolving a claim of ineffective assistance for failure to determine a petitioner's competency, the issue is "whether [the petitioner] has presented admissible evidence showing that there is a probability that he was incompetent" at the time he contends he was incompetent. *Ridgley*, 148 Idaho at 678, 227 P.3d at 932; *see also Takhsilov v. State*, 161 Idaho 669, 674, 389 P.3d 955, 960 (2016) (same).

In *Ridgley*, Ridgley appealed the summary dismissal of his post-conviction petition alleging his counsel "did not advise him of the potential of having an evaluation to determine his mental status." *Ridgley*, 148 Idaho at 677, 227 P.3d at 931. The Idaho Supreme Court construed this claim to be that Ridgley's "counsel was ineffective for failing to recognize [Ridgley] was incompetent at the time he entered his plea." In support, Ridgley alleged in his petition he was not able to assist in his defense, and he offered a psychological evaluation--prepared nine months after his guilty plea--in support of his assertion that he was incompetent at the time of his plea. *Id.* at 678-79, 227 P.3d at 932-33. The Court concluded this information was inadequate to create a genuine issue of fact necessary to avoid summary dismissal. It rejected the psychological evaluation because it said "nothing about Ridgley's mental state at the time he entered his plea--nine months earlier." *Id.* at 678, 227 P.3d at 932. Further, the Court rejected Ridgley's conclusory allegation in his verified petition that he was unable to assist in his defense as an improper, inadmissible expert opinion. *Id.*; *see also Takhsilov*, 161 Idaho at 674, 389 P.3d at 961 (stating petitioner's allegations in *Ridgley* rejected as "conclusory and bare assertions").

As in *Ridgley*, Hickey has failed to offer any admissible evidence to show a probability of Hickey's incompetence during the criminal proceedings against him. None of the documents Hickey offered in support of his petition meet this burden, including the March 2014 Behavioral Report, which compared Hickey's "functional independence" to an average individual who is ten years and eight months of age. According to language in the Behavioral Report, its purpose was to measure Hickey's motor skills, social interactions, communication skills, personal living skills, and community living skills. These skills are the skills which the evaluator concluded

---

[4] Although Hickey also alleged in his petition that his trial counsel was ineffective for not representing Hickey "the way [Hickey] wished," refusing to present "proper evidence," and failing to adequately advise Hickey about his guilty plea, Hickey does not provide any argument or authority on appeal regarding these issues. As a result, Hickey has waived these issues. *See Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).

Hickey performed at a level comparable to an average individual at the age of ten years and eight months. Contrary to Hickey's arguments, the Behavioral Report does not address Hickey's "understanding capacity"; it does not state he has "diminished cognitive abilities"; and it does not otherwise provide any information about his mental condition.

To the extent the other information Hickey offered in support of his amended petition addressed his "capacity" or "cognitive abilities," that information does not support the conclusion Hickey lacked capacity. Rather, the information at most shows Hickey has intelligence in the low to low-average range. Hickey, however, offers no admissible evidence or authority to support the assertion that having low intelligence equates to lacking capacity to understand the criminal proceedings against him. Furthermore, none of the information Hickey offers in support of his amended petition is proximate in time to the criminal proceedings against him.

In contrast, the evaluation of Hickey's cognitive abilities which is most contemporaneous to the criminal proceedings refutes Hickey's claim of incompetency. That evaluation is a Gain-I Recommendation and Referral Summary prepared in November 2015 for Hickey's PSI. Although Hickey does not mention this evaluation on appeal, the district court took judicial notice of it in resolving Hickey's amended petition. It provides that "Hickey scored in the no/minimal range of the Cognitive Impairment Screen at the time of the evaluation. The staff observed minimal indications of developmental disabilities and *no evidence of cognitive impairment*." (Emphasis added.)

Likewise, Hickey's interactions with the district court during his change of plea and sentencing hearings do not provide any evidence of a cognitive impairment. During these hearings, Hickey affirmatively indicated he understood the proceedings against him and never raised the issue of his alleged incompetency. Additionally, Hickey never raised the issue of his alleged incompetency on direct appeal, in his motion for a reduction of his sentence, or even in his original pro se petition in this case.

Hickey's case is distinguishable from *Richman v. State*, 138 Idaho 190, 59 P.3d 995 (Ct. App. 2002), on which Hickey relies. In that case, Richman claimed that he was not competent to plead guilty due to his mental illness and that his trial counsel was ineffective for failing to recognize his mental condition. *Id*. at 192, 59 P.3d at 997. This Court agreed Richman's trial counsel's performance was deficient for failing to investigate and to present evidence of

8

Richman's mental condition. *Id.* at 193, 59 P.3d at 998. In support of this conclusion, the Court noted there was substantial evidence of Richman's mental health issues of which Richman's counsel was or should have been aware, including that Richman was hearing voices, was having nightmares, had attempted to commit suicide numerous times, had received mental health counseling, had been medicated for anxiety, and had received a recommendation for a psychiatric evaluation and for mental health counseling. *Id.*

Unlike *Richman*, substantial evidence does not support the assertion that Hickey's trial counsel was or should have been aware of any facts indicating Hickey was either suffering a mental illness or incapable of understanding the proceedings against him. The record of the criminal proceedings refutes Hickey's claim of incompetency, and Hickey failed to offer admissible evidence of his alleged incompetency. Accordingly, the district court correctly concluded that Hickey's counsel was not deficient for failing to recognize Hickey was purportedly incompetent, for failing to seek a mental health examination, or for failing to present evidence of Hickey's developmental disability.

**B. The District Court Did Not Err in Dismissing Hickey's Claims That He Was Incompetent**

In addition to alleging his counsel was ineffective for failing to obtain a mental health examination and present evidence of his developmental disability, Hickey similarly asserts a related claim that he was not competent to form the mens rea necessary to commit a crime, to confess, or to plead guilty. After reviewing the underlying record and the information Hickey offered to support this claim, the district court found no admissible evidence supports the conclusion Hickey was incapable of understanding his charges, rights, or sentencing. Hickey disputes this ruling, arguing that his "developmental disability is beyond question" and that his "allegations that he has diminished cognitive abilities and the understanding capacity of a ten-year old are supported by the record." For all the same reasons Hickey's ineffective assistance of counsel claims fail, so do his claims he was incompetent to form the mens rea of a crime, to confess to his crime, and to plead guilty. Hickey offered nothing other than unsupported, conclusory allegations of his purported incompetency, and the district court was not required to accept those allegations. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

**C.     The District Court Did Not Err in Dismissing Hickey's Claims Based on Police Conduct**

Finally, Hickey challenges the district court's summary dismissal of his claims that the police violated his due process rights by allegedly refusing to discontinue interviews at Hickey's request and refusing to allow him to consult with an attorney. The district court ruled that Hickey waived these claims when he unconditionally pled guilty and waived all his non-jurisdictional defects and defenses. Alternatively, the district court also ruled Hickey failed to establish he was in custody during the police interviews. Hickey challenges only this latter ruling, arguing the district court should not have summarily resolved whether Hickey was in police custody when he confessed. Hickey does not address, however, the court's alternative ruling that his unconditional plea waived his claims related to the alleged police interrogations. This unchallenged ruling is dispositive of Hickey's claims challenging the police's conduct. *See Taylor v. Riley*, 162 Idaho 692, 702, 403 P.3d 636, 646 (2017) (holding that where a lower court makes a ruling based on two alternative grounds and only one of those grounds is challenged on appeal, the appellate court must affirm on the uncontested basis).

A valid, unconditional plea of guilty waives all non-jurisdictional defects and defenses in prior proceedings. *State v. Al-Kotrani*, 141 Idaho 66, 69, 106 P.3d 392, 395 (2005). This rule applies to defenses or defects based on either statutory or constitutional challenges, including an alleged illegal search and seizure and a purported denial of counsel. *Id.*; *see also Stone v. State*, 108 Idaho 822, 825-26, 702 P.2d 860, 863-64 (1985) (ruling unconditional plea waives claims of illegal search and seizure and denial of counsel). The rationale for this rule is that, when a defendant pleads guilty, he admits his crime and waives his right to require the State to prove the charges at trial. *State v. Gallipeau*, 128 Idaho 1, 6, 909 P.2d 619, 624 (Ct. App. 1994). "By obviating the State's burden to prove the charge, a guilty plea waives any issue as to the admissibility of evidence upon which the State might have relied." *Id.* Exceptions to the rule include when a guilty plea is either conditional on a reservation of the defendant's right to challenge an issue on appeal or is not knowing and voluntary. *See Al-Kotrani*, 141 Idaho at 69, 106 P.3d at 395.

Under these authorities, Hickey waived any non-jurisdictional defects or defenses in the prior criminal proceedings against him when he unconditionally pled guilty. This waiver includes purported defects or defenses arising out of Hickey's interactions with the police. Because Hickey waived these claims, whether a reasonable person in Hickey's position would

10

have understood he was in police custody is not an issue he may raise in his post-conviction petition. Further, any claim that Hickey's unconditional guilty plea was not a waiver because that plea was not knowing and voluntary fails because, as discussed above, Hickey has failed to offer admissible evidence to show a probability he was incompetent when he pled guilty.

Hickey's reliance on *Hoffman v. State*, 153 Idaho 898, 277 P.3d 1050 (Ct. App. 2012), is unpersuasive. In *Hoffman*, Hoffman claimed his trial counsel was ineffective for failing to move to suppress evidence found during a vehicle search following a traffic stop. *Id*. at 903, 227 P.3d at 1055. The district court summarily dismissed Hoffman's claim "on the ground that Hoffman merely made conclusory allegations unsupported by a factual basis." *Id.* On appeal, this Court noted that Hoffman had submitted an affidavit describing his version of the stop and subsequent search and that the State conceded this affidavit included admissible facts. *Id.* Further, this Court noted that Hoffman's petition presented facts entitling him to relief if proven at a hearing. *Id.* Accordingly, this Court reversed the district court's summary dismissal. *Id.*

Relying on *Hoffman*, Hickey argues that "if [his] attorney should have filed a motion to suppress his confession, or should have conducted an additional investigation into the circumstances surrounding that confession, [Hickey] may have a viable claim for ineffective assistance of counsel notwithstanding his guilty plea." Hickey, however, never alleged his trial counsel was ineffective for failing either to investigate the facts surrounding his confession or to move to suppress evidence. Hickey's amended petition alleges four separate grounds for ineffective assistance of counsel, none of which include any allegation that his counsel failed to investigate or failed to move to suppress evidence.

At most, Hickey's petition alleges his trial counsel "refused to present the proper evidence," and his affidavit attests he "wanted to stop [his] interview"; he "was not allowed to do so by the police"; and his "attorney never brought this to the attention of the judge." As the district court correctly concluded, Hickey failed to allege any "factual context surrounding the alleged interrogations establishing [their] impermissible nature." This failure includes the absence of any allegations about what Hickey's trial counsel should have investigated, what he would have purportedly learned through that investigation; and the factual and legal basis for a motion to suppress. Absent such allegations, Hickey failed to assert his trial counsel was ineffective for failing to investigate and move to suppress. Rather, Hickey's conclusory

allegations about his interactions with the police are non-jurisdictional defects and defenses which he waived when he unconditionally pled guilty.

## IV.

## CONCLUSION

Hickey has failed to show the district court erred in summarily dismissing his petition for post-conviction relief. Accordingly, the district court's order denying his motion for reconsideration is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.