IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 50672

| MICHAEL S. DAUBER, | ) | |
|---|---|---|
| | ) | Filed: April 2, 2025 |
| Petitioner-Appellant, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Boise County. Hon. Theodore J. Fleming, District Judge.

Judgment summarily dismissing amended petition for post-conviction relief, affirmed.

Ferguson Durham, PLLC; Craig H. Durham, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Michael S. Dauber appeals from the judgment of the district court summarily dismissing his amended petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

This Court set forth the factual and procedural background of the underlying criminal matters in this case as follows:

In Docket No. 44849, a grand jury returned an indictment charging Dauber with the first degree murder of Steven Kalogerakos. In Docket No. 44850, the State charged Dauber with the first degree murder of Joshua Reddington. In both cases, Dauber was charged with the use of a deadly weapon. In Docket No. 44849, Dauber was also charged with failing to report a death. Pursuant to a judicially supervised mediation, Dauber entered an *Alford*[1] plea to an amended count of second degree

_____

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

1

murder in each case. The written plea agreement indicates that, in exchange for Dauber's guilty pleas, the State agreed to dismiss the other charges and request that the district court bind itself to certain sentencing recommendations. Although not included as a term in the written agreement signed by all parties, the mediator and the presiding judge, Dauber indicated in his guilty plea advisory form that an additional "promise" influenced his decision to plead guilty. That promise was described as: "St[ate] will not pursue fraud charges associated w/ [my ex-wife] receiving [my] VA benefits." At the change of plea hearing, the district noted the parties had a discussion in chambers about the additional term recited in the plea advisory form. The district court agreed to be bound by the plea agreement and accepted Dauber's guilty pleas.

Shortly before sentencing, Dauber attempted to file a pro se motion to withdraw his guilty plea in Docket No. 44850.[] The district court returned the motion to Dauber because he was represented by counsel and sent copies of the motion to Dauber's attorneys in both cases. The following day, Dauber's counsel in Docket No. 44849 signed a motion to withdraw Dauber's guilty plea, which was filed three days later. One day later, Dauber filed a memorandum in support of the motion, stating he would "establish just cause for the withdrawal of his guilty plea at the anticipated hearing on the motion." Dauber subsequently filed a supplemental memorandum setting forth the basis for his motion to withdraw his guilty plea. The grounds asserted were that Dauber did not murder Steve Kalogerakos and that his guilty plea was coerced because it was his "understanding" that his ex-wife "would be prosecuted for fraudulently receiving/collecting [his] military benefits" and that he "did not find out that she could not be prosecuted until after he entered his guilty plea." The district court held a hearing on Dauber's motion at which he presented only argument. The district court denied the motion. Dauber was sentenced in accordance with the plea agreement to concurrent indeterminate life terms, with minimum periods of confinement of seventeen years.

*State v. Dauber*, Docket No. 44849 (Ct. App. Jan. 22, 2020) (unpublished) (*Dauber I*). The Court affirmed Dauber's convictions, finding that Dauber had failed to show the district court erred in denying his motion to withdraw his guilty plea in Docket No. 44849. *Id*. at 4. The Court declined to determine whether Dauber's guilty plea in Docket No. 44850 was coerced because Dauber had failed to provide authority or argument showing fundamental error. *Id*.

Dauber then brought this post-conviction proceeding, alleging ineffective assistance of counsel claims. The claims encompass his three trial attorneys in both underlying criminal cases. First, Dauber claimed that trial counsel was ineffective for failing to investigate whether his ex-wife could be prosecuted for fraud for receiving his Veteran Affairs (VA) benefits while he was in jail. As part of the plea process, the State had indicated that it would not pursue fraud charges against Dauber's ex-wife. Dauber submitted his own declaration, a handwritten affidavit from his ex-wife, the guilty plea advisory forms, and transcripts from the plea hearing in the underlying

2

criminal case. Dauber's ex-wife's affidavit claimed that she had spoken with an individual at Veteran Affairs ("VA") and was told there was no fraud committed. Dauber claimed that had counsel investigated and had he known his ex-wife could not be prosecuted, he would not have pled guilty. The district court found there was no admissible evidence to substantiate Dauber's claims and the affidavit submitted by Dauber's ex-wife was "bare and conclusory, and contain[s] inadmissible hearsay." The district court also found that Dauber had failed to submit evidence that the State could not have prosecuted his ex-wife.

Second, Dauber claimed that his plea was coerced. He claimed that trial counsel pressured him into accepting the plea deal, excluding his ex-wife from talking with him during the plea negotiations, and were indifferent to his fear of prosecution of his ex-wife, which counsel could have dispelled by investigation. The district court held Dauber's second claim was not supported by admissible evidence. The court noted that a threat of prosecution of a family member is not per se coercive and counsel did not otherwise coerce Dauber. Therefore, the district court summarily dismissed Dauber's amended petition for post-conviction relief. Dauber appeals.

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Dauber argues the district court erred in summarily dismissing his claims because Dauber submitted sufficient evidence to establish a prima facie case of ineffective assistance of counsel. In particular, Dauber argues the record supports the claim that counsel was deficient for not investigating whether the State could prosecute his ex-wife. Dauber also argues that counsel misled and coerced Dauber throughout the plea process by excluding his ex-wife, and that he would not have entered his *Alford* pleas but, instead, would have insisted on going to trial. The

3

State argues that Dauber has not provided admissible evidence to accompany his and his ex-wife's bare and conclusory allegations.

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories and admissions, and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. If a genuine issue of material fact is presented, an

4

evidentiary hearing must be conducted to resolve the factual issues. *Goodwin v. State*, 138 Idaho 269, 272, 61 P.3d 626, 629 (Ct. App. 2002).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

## A.     Failure to Investigate

Dauber claims that counsel's performance was deficient because counsel failed to investigate whether the State had a basis to prosecute his ex-wife for fraudulently receiving Dauber's VA benefits. Dauber argues that had trial counsel investigated this issue, counsel would have discovered that Dauber's ex-wife was not receiving the benefits fraudulently, and therefore, Dauber would not have agreed to plead guilty.

The failure of an attorney to properly investigate a case may constitute a deficiency in representation. *Plant*, 143 Idaho at 762, 152 P.3d at 633. While defense counsel has a duty to conduct a prompt and thorough investigation, that duty requires only that counsel conduct a reasonable investigation. *Eddington v. State*, 162 Idaho 812, 823, 405 P.2d 597, 608 (Ct. App. 2017). The course of the investigation will necessarily be shaped by a defendant's disclosure to his counsel. *Mitchell v. State*, 132 Idaho 274, 280, 971 P.2d 727, 733 (1998). Finally, a particular

decision not to investigate must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgments. *Strickland*, 466 U.S. at 690-91.

During the plea hearing, the trial court took note of Dauber's plea advisory:

| THE COURT: | There's an additional term of this plea agreement the parties discussed in chambers, and it's recited in this plea advisory. The State will not pursue fraud charges associated with Andreka--is it Kiminine? |
|---|---|
| DAUBER: | Kremrine, Your Honor. |
| THE COURT: | Kremrine? All right. Thank you. Regarding your receipt of certain veterans benefits. Is that a fair statement, [counsel for the State]? |
| [Prosecutor]: | Correct. |

Where plea negotiations include promises about not prosecuting loved ones, such negotiations are not coercive in a constitutional sense if the State acts in good faith. *State v. Hanslovan*, 147 Idaho 530, 538, 211 P.3d 775, 783 (Ct. App. 2008). The prosecutor acts in good faith when the State declines to prosecute a family member as part of a plea negotiation if the prosecution could have been supported by probable cause. *Id*. at 538 n.8, 211 P.3d at 783 n.8.

On direct appeal, this Court noted:

Although the agreement not to pursue fraud charges associated with Dauber's ex-wife receiving his VA benefits appears in the record, nothing in the record supports Dauber's assertion that there was no basis for the State to do so. Consequently, Dauber needed to make an evidentiary showing to support the absence of probable cause. However, Dauber's affidavit, the only evidence submitted in support of his motion to withdraw, contains nothing but his own legal conclusions that the State could not pursue the fraud charges referenced in Dauber's guilty plea advisory.

*Dauber I*, at 5 (citation omitted). Similarly, the district court here held:

There has been no admissible evidence put forth to support the claim that there was not, at a minimum, probable cause to charge Dauber's ex-wife. Probable cause is a very low threshold compared to proof beyond a reasonable doubt. The Court does not accept the bare conclusions by unknown persons that his ex-wife could not be charged.

The only evidence submitted by Dauber regarding the alleged prosecution of Dauber's ex-wife comes from Dauber's own declaration and Dauber's ex-wife's affidavit, both of which, as the district court correctly found, presented inadmissible hearsay. Therefore, the statements are not considered as evidence, and Dauber has not presented other *admissible* evidence showing the extent to which counsel knew of any potential prosecution for fraud against Dauber's ex-wife prior to the district court's acknowledgement of Dauber's handwritten plea advisory at the plea hearing.

6

The only factual allegation not sourced from inadmissible hearsay is Dauber's perception that counsel was "indifferent" when Dauber allegedly told them about what was said to him regarding a potential prosecution. There is otherwise no admissible evidence which indicates the State was intending to prosecute Dauber's ex-wife or, more importantly, whether the State lacked probable cause for such prosecution. Summary dismissal is appropriate where the petitioner's affidavits are based upon hearsay rather than personal knowledge. *Takhsilov v. State*, 161 Idaho 669, 673, 389 P.3d 955, 959 (2016). Dauber has presented only bare and conclusory assertions that are unsupported by admissible evidence, which this Court is not bound to accept. *See Leonard v. State*, ___ Idaho ___, ___, 559 P.3d 334, 340 (Ct. App. 2024) (stating "the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law").

However, Dauber, in apparent recognition of these evidentiary failings, argues that the question of probable cause to prosecute is a purely legal question and, consequently, the lack of admissible factual evidence is immaterial. Dauber did not make this legal argument below. Dauber attempts to create an inference that his ex-wife had his permission to receive his benefits, negating fraud. Despite Dauber's claim, analysis of whether the State had probable cause to prosecute Dauber's ex-wife for fraud is dependent upon facts not in the record and is not singularly a legal question. Therefore, Dauber has failed to show that the district court erred in summarily dismissing his failure to investigate claim.

## B. Coercion

Dauber claimed that he was coerced by counsel to accept the plea. This claim is tied into the first claim. Dauber's ex-wife declared that trial counsel invited her to attend the mediation session but only on the condition that she push Dauber to take a deal. She further alleged that trial counsel told her, at one point, to lie to Dauber and tell him the children needed her and to leave. On the way out, trial counsel told her not to accept any video visits or phone calls from Dauber because counsel did not want Dauber pushing for trial. When Dauber spoke with his ex-wife, he told her the only reason he took the plea deal was because of the State's threat to prosecute her. Thereafter, Dauber's ex-wife researched the issue and found out that she could not be prosecuted. Dauber claims that trial counsel engaged in deceptive conduct, enlisting Dauber's ex-wife in counsel's plan to pressure him to plead guilty. Dauber asserts that a reasonable inference from these facts is that counsel chose not to investigate the legitimacy of the threat to prosecute his ex-

7

wife or "worse, actively withheld from Mr. Dauber that the threat to prosecute was illusory, so that he would plead guilty." Dauber claimed in the district court that if he had been able to communicate with his ex-wife, she could have inquired of the VA and learned that there was no basis to prosecute her before Dauber agreed to the plea deal. The district court determined that the claim of coercive tactics was bare, conclusory, and unsupported by admissible evidence. The court found that Dauber's ex-wife's conclusory statement did not "declare that she was threatened, felt coerced, or that she was actually prevented from contacting Dauber." The court held that advice of counsel as to whether to accept a plea agreement falls within the wide range of competence demanded of criminal attorneys. The court further noted that anxiety and pressure from a defendant's family situation does not establish coercion.

Idaho has long adhered to the principle that a plea of guilty must be made freely, voluntarily, and with an understanding of the consequences attendant upon such a plea. *Lockard v. State*, 92 Idaho 813, 815, 451 P.2d 1014, 1016 (1969). An individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is including a protest of innocence to such crime. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970). That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing. *McMann v. Richardson*, 397 U.S. 759, 770 (1970). There is a certain amount of coercion inherent in charging a defendant and bringing him before the court to declare his guilt or innocence. *State v. Storm*, 123 Idaho 228, 233, 846 P.2d 230, 235 (Ct. App. 1993). Further, anxiety and pressure to plead guilty due to concern related to the prosecution of a family member does not constitute impermissible coercion rendering a guilty plea involuntary so long as there is probable cause to support the prosecution. *Mata v. State*, 124 Idaho 588, 595, 861 P.2d 1253, 1260 (Ct. App. 1993).

At the plea hearing, the district court asked Dauber: "Has anyone threatened you or anyone close to you to get you to plead guilty in this case?" Dauber responded: "No, Your Honor." When asked whether he understood the plea agreement terms, and whether he had sufficient time to communicate with his counsel regarding the plea, the following colloquy occurred:

| THE COURT: | Do I understand that you've had sufficient time to think about these things? |
| DAUBER: | Yes, Your Honor. |
| THE COURT: | Do I understand that you've had sufficient time to discuss these things with your attorneys? |
| DAUBER: | Yes, Your Honor. |

8

. . . .

THE COURT: Would you like any more time to think about this or to discuss these things with your attorneys?

DAUBER: No, Your Honor.

THE COURT: In your own mind, sir, are you pleading guilty freely and voluntarily?

DAUBER: Yes, Your Honor.

THE COURT: In your own mind, sir, are you satisfied that pleading guilty under the circumstances that have been outlined here is in your best interest?

DAUBER: Yes, Your Honor.

THE COURT: Have you told your attorneys everything there is to know about these incidents?

DAUBER: Yes, Your Honor.

THE COURT: Have your attorneys advised you to your satisfaction about your rights, any defenses that you might have as well as the consequences of pleading guilty?

DAUBER: Yes, Your Honor.

. . . .

THE COURT: Is there anything you would like to discuss with your attorneys before I proceed further?

DAUBER: No, Your Honor.

Dauber's claim that counsel was coercive contradicts his sworn testimony at the plea hearing which indicates he accepted the guilty plea freely, voluntarily, and intelligently. Solemn declarations in open court carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Dauber fails to provide admissible evidence of coercion by his counsel which would overcome the presumption of truthfulness of his plea hearing testimony. Rather, Dauber's declaration and his ex-wife's affidavit merely allude to statements made to Dauber or his ex-wife which are not supported by other admissible evidence that would substantiate those statements. Further, in his direct appeal, Dauber's argument was that he was not coerced by counsel but that he had misunderstood the terms of the plea agreement. In particular, Dauber's counsel stated: "And the defendant does not feel that he was coerced by any of his attorneys, including the attorneys in the other case, in taking this plea bargain." That Dauber may have changed his mind in these post-conviction proceedings does not refute the record on appeal which indicates the plea was entered freely, voluntarily, and intelligently. Dauber has failed to demonstrate coercion leading to his plea. Finally, failure to show that the State did not have probable cause to charge Dauber's ex-wife, as discussed above, further negates his claim of coercion or prejudice stemming

9

from any such coercion.  Dauber fails to show that the district court erred in summarily dismissing his coercion claim.

## IV.
## CONCLUSION

Dauber failed to submit admissible evidence demonstrating ineffective assistance of counsel.  Therefore, the judgment of the district court summarily dismissing Dauber's amended petition for post-conviction relief is affirmed.

Judge HUSKEY and Judge TRIBE **CONCUR**.